CASE 60—PASSWAYS—NOVEMBER 3, 1883.

## Kimble v. Leischer.

APPEAL FROM GRAYSON CIRCUIT COURT.

1. Section 43, article 1, chapter 94, General Statutes, is not repealed by an act, entitled "An act to regulate the appellate jurisdiction of the courts of this commonwealth," *approved May* 5, 1880.
2. An appeal from a county court establishing a private passway, to the circuit court, may be taken at any time within one year.

G. W. STONE FOR APPELLANT.

1. The court erred in ruling that the appeal should have been taken from the judgment of the county court in sixty days.
2. Appellant has one year to take his appeal. (Myers' Code, sec. 20, omitted from new Code; Sess. Acts 1880, ch. 1525; Gen. Stat., ch. 94, art. 1, sec. 43; art. 2, sec. 10; *Ib.*, ch. 106, art. 1, sec. 8; *Ib.*, ch. 113, sec. 27.)

Kimble v. Leischer.

JAS. S. WORTHAM FOR APPELLEE.

1. The act of May 5, 1880, was intended to regulate appeals in all courts of this commonwealth in civil cases, and the circuit court so construed it.

2. The appeal must be taken within sixty days. (Gen Stat., ch. 94, art. 1, sec. 43; Civil Code, sec. 838; an act, entitled "An act to regulate the appellate jurisdiction of the courts of this commonwealth," approved May 5, 1880; Sess. Acts 1879, ch. 1525; Civil Code, secs. 700, 729.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

The only question in this case is, whether the appeal from the order of the county court establishing a private passway is required by law to be prosecuted within sixty days from the time of such order.

By section 43, article 1, chapter 94, General Statutes, it is provided that a party aggrieved may prosecute an appeal from an order of the county court concerning the establishment, alteration, or discontinuance of a road, within *one year* to the circuit court. And by section 10, article 2, same chapter, it is provided that the law regulating appeals in road cases shall apply to and govern proceedings concerning passways.

But by section 3 of an act of the general assembly, entitled "An act to regulate the appellate jurisdiction of the courts of this commonwealth," approved May 5, 1880, it is provided that appeals shall be to the circuit court from all orders and judgments of the county court in cases of bastardy, and of certain other subjects of county court jurisdiction therein mentioned, but not, however, including roads and passways. And by section 5 of the act it is provided that the manner and time of taking appeals shall be as provided in the Civil Code of Practice.

Though there is no express provision in the Civil Code concerning appeals from judgments and orders of county courts, it was manifestly intended by the legislature that section 729, Civil Code, should govern in respect to cases mentioned in the act, which section provides that appeals taken pursuant to chapter 2, title 10, shall be prosecuted within *sixty days* from the rendering of the judgment.

The decision of the question, therefore, depends upon whether section 43, article 1, and section 10, article 2, chapter 94, General Statutes, have been repealed by the act of May 5, 1880.

From the time of the repeal of the former Civil Code until the passage of the act of May 5, 1880, there was no law expressly regulating the time of taking appeals from orders and judgments of county courts in the cases mentioned in section 3 of the act, and the object of its passage was to supply the omission.

But the time for prosecuting such appeals in cases of roads and passways being already regulated by chapter 94, General Statutes, no provision was made in the act of 1880 in regard thereto, the obvious purpose of the legislature being to leave the law unaltered as to them.

In our opinion, therefore, the sections of chapter 94, General Statutes, mentioned, are not in conflict with, or repealed by, the act in question; and the lower court erred in dismissing the appeal upon the ground it was not prosecuted within sixty days from the time of the order establishing the passway.

The judgment is reversed, and cause remanded for further proceedings consistent with this opinion.